UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WOODROW FLEMMING,

                                **Plaintiff,**

                                v.                                              9:05-CV-179
                                                                           (FJS/RFT)

**LEO PAYANT, Superintendent; LT. ADMIKS;
LT. MITCHELL; SGT. CARPENTER; SGT.
VOGT; PATRICK, Security Officer; WHITE,
Security Officer; and COUNTRYMAN,
Security Officer,**

                                **Defendants.**
_____

**APPEARANCES**                                               **OF COUNSEL**

**WOODROW FLEMMING**
**03-A-5259**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**SCULLIN, Chief Judge**

## ORDER

      The Clerk of the Court has sent Plaintiff Woodrow Flemming's motion seeking reconsideration of this Court's prior Order dismissing this action to the Court for its review. *See* Dkt. No. 11. In that prior Order, the Court determined that Plaintiff's amended complaint did not meet the basic pleading requirements of the Federal Rules of Civil Procedure and this District's Local Rules of Practice. In addition, the Court found that the pleading, as drafted, failed to state a claim upon which relief could be granted and dismissed this action without prejudice. *See* Dkt.

No. 8 at 2-4.[1]

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

Plaintiff does not claim that reconsideration of this Court's prior Order is warranted on the basis of any of these three grounds. Indeed, Plaintiff does not appear to take issue with the prior dismissal of this action; rather, he seeks yet another opportunity to file an amended pleading in this action. *See* Dkt. No. 11.[2] According to Plaintiff, he is now confined in a different correctional facility and is better able to pursue his legal claims. *See id.* at 1.

The Court has reviewed the file and concludes that it properly dismissed this matter and that reconsideration of its prior Order of dismissal is not necessary to prevent manifest injustice. As noted, the Court dismissed this action without prejudice, and Plaintiff remains free to file a new action based upon these facts in this District. Indeed, Plaintiff has commenced three new actions in this District since March 2005, the pleadings in which appear to assert claims arising from his confinement at Walsh Medical Complex.[3]

---

[1] The Court also denied as moot Plaintiff's *in forma pauperis* application and did not require him to pay the filing fee for this action. *See* Dkt. No. 8 at 3.

[2] Plaintiff has submitted an amended complaint, *in forma pauperis* application, and inmate authorization form in support of his motion. *See* Dkt. No. 11.

[3] *See Flemming v. State of N.Y.*, 9:05-CV-406 (DNH/GJD); *Flemming v. State of N.Y.*, 9:05-CV-473 (DNH/DEP); *Flemming v. Maher*, 9:05-CV-855 (LEK/DEP).

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration of this Court's prior Order dismissing this action without prejudice is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: August 29, 2005
       Syracuse, New York

                                            _____
                                            Frederick J. Scullin, Jr.
                                            Chief United States District Court Judge